```
JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
DAMEENE DEDRICK
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:09-cr-00209-MCE |
| PLAINTIFF, ) | |
| ) | STIPULATION AND ORDER TO CONTINUE THE STATUS CONFERENCE TO THURSDAY, SEPTEMBER 29, 2011, EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (T-2 AND T-4) |
| v. ) | |
| DAMEENE DEDRICK, et al., ) | |
| DEFENDANTS. ) | |
| _____ ) | |

      Plaintiff, the United States by Assistant United States Attorney, Ms. Michelle Rodriguez, and defendant Roy Rice by his attorney Matthew C. Bockman, and defendant Dameene Dedrick by his attorney James R. Greiner, all stipulate and agree that the status conference calendared for **Thursday, July 14, 2011**, at 9:00 a.m. before the Honorable United States District Court Judge, Morrison C. England, Jr., may be continued to **Thursday, September 29, 2011**, at 9:00 a.m.  The Court's availability on this date (**September 29, 2011**) has been confirmed.

///

///

///

1

**BACKGROUND**

On March 30, 2009, the government filed its complaint against the defendants. (Docket 1). On May 7, 2009, the government filed a 9 Count Indictment. (See Docket 17). Each penalty for Counts 1-8 (against both defendants) includes up to 30 years in Federal Prison and the penalty for Count 9 (against Dedrick only) includes up to 20 years in Federal Prison. (Docket 17). The case concerns allegations of mortgage fraud. To date, the government has produced over 3,400 documents to be reviewed and investigated by the defense. Each defendant's review is on-going. There is no trial date set. Both defendants are out of custody on pre-trial release.

The defense is still engaged in investigation in this case, along with this investigation the defense is continuing to review and analyze the discovery produced by the government in this case. In addition, the parties are engaged in negotiations to resolve this case short of trial which will be a cost savings for both this Court and the government which will allow judicial resources spend on other matters. This requires defense counsel to discuss and research the complex Advisory Sentencing Guidelines and to have each defense counsel have discussions with their respective clients about the complex Advisory Sentencing Guidelines and the results of the legal research into the Advisory Sentencing Guidelines as they relate to this case.

The parties agree that on Thursday, September 29, 2011, both defendants and both defense counsel will be personally present in Court. It is reasonably and in good faith anticipated at the September 29, 2011 status hearing that the defendants will be in a position to make a determination as to the direction the case will be headed.

The parties agree and stipulate that this continuance is reasonable taking into account the exercise of due diligence by all counsel.

///
///
///
///

      The parties agree and stipulate that due to the complex nature of the charges in this case, the complex legal issues involved in this case, the complex potential Advisory Sentencing Guidelines that maybe involved in this case, the volume of discovery in this case, the ongoing investigation by the parties in this case, the continued on going discussions between defense counsel and their respective clients and at the request of both parties, the parties stipulate and agree that this Court should order time under the Speedy Trial Act continue to be excluded from **Thursday, July 14, 2011,** up to and including **Thursday, September 29, 2011**, under the Speedy Trial Act for case complexity (Local Code T-2 and Title 18 U.S.C. section 3161(h)(7)(B)(ii)) and for defense counsel preparation in this case, and that all counsel for all parties stipulate that the ends of justice are served by the Court excluding such time, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18U.S.C. section 3161(h)(7)(B)(iv), and therefore time should also be excluded under 18 U.S.C. section 3161(h)(7)(A) and Local Code T-4.

      Further, all parties agree and stipulate that the Court in making these factual findings supports the Court's finding that in this case the ends of justice are served by this continuance and outweigh both the public's right to a speedy trial in this case and each defendant's right to a speedy trial in this case.

///
///
///
///
///
///
///
///
///

```
                                      Respectfully submitted,
                                      BENJAMIN B. WAGNER
                                      UNITED STATES ATTORNEY

DATED: 7-12-11                        /s/ MICHELLE RODRIGUEZ (via e mail approval)
                                      _____
                                      Michelle Rodriguez, ASSISTANT US ATTORNEY


DATED: 7-12-11                        /s/ MATTHEW C. BOCKMAN(via email approval)
                                      _____
                                      Matthew C. Bockman
                                      Attorney for Defendant Roy Rice

DATED: 7-12-11                        /s/ JAMES R. GREINER
                                      _____
                                      James R. Greiner
                                      Attorney for Defendant Dameene Dedricd
```

## ORDER

**THE COURT MAKES THE FOLLOWING FINDINGS:**

The Court finds that the ends of justice in this case outweighs both the public's right to a speedy trial in this case and each of the defendant's right to a speedy trial in this case based on the following facts:

1- The individual defense counsel are continuing to review the discovery in this case, continuing to have discussions with their individual client's about the facts of the case and the discovery in the case, the defense counsel are still investigating the case based on the discovery and the conferences with their individual clients, so that counsel for each defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

2- The individual defense counsel are doing legal research into the advisory Sentencing Guidelines as they may apply to the individual facts of this case so as to adequately advise and counsel their individual clients;

3- There are complex legal issues in this case that defense counsel are doing legal research on so as to adequately advise their individual clients;

4- The discovery in this case is consists to date of over 3,400 documents produced by the government making the case complex;

5- Each defense counsel is actively engaged in conferences with their respective clients regarding all aspects of this case and the time requested is reasonable to allow this process to continue exercising due diligence by counsel;

6- Each party is actively engaged in plea negotiations in a good faith attempt to resolve this case short of trial;

7- Based on the facts of this individual case the time requested is reasonable in light of the exercise of due diligence by counsel**;**

Therefore, based on the Court's findings and the parties agreements and stipulations as set forth herein and supported by the findings of facts in this case as set forth herein, time is excluded under the Speedy Trial Act from Thursday, July 14, 2011 to and including Thursday, September 29, 2011, under the Speedy Trial Act under Local Code T-4 (time for defense counsel preparation) and Title 18 U.S.C. section 3161(h)(7)(B)(iv).

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  July 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE